**UNITED STATES of America, Plaintiff,**

v.

**Jorge A. FARINACCI–GARCIA, Defendant.**

**Crim. No. 82–0050CC.**

United States District Court, D. Puerto Rico.

Sept. 23, 1982.

Daniel Harris, Sp. Atty., U. S. Dept. of Justice, Hato Rey, P. R., for plaintiff.

Hiram Cancio, Harry Anduze, Pedro J. Varela, José Añeses, and María D. Fernós, Santurce, P. R., for defendant.

## ORDER

CEREZO, District Judge.

Defendant claims that the government deliberately delayed bringing the indictment against him until more than four years had elapsed from the date of the bank robbery. He grants that the indictment was brought well within the five year period provided by 18 U.S.C. Sec. 3282[1] but claims that the delay has impaired his de- fense in that it has made it difficult for him to prepare an alibi defense. The government contends that the delay was caused by the difficulty encountered in investigating this crime and the fact that defendant was not a suspect until a few months before he was arrested for failing to appear before the grand jury investigating this bank robbery. The government admits that the initial investigation produced no leads and was abandoned after a year or so. The record shows that the bank robbery occurred on August 5, 1977. Mr. Farinacci was summoned to appear before the grand jury investigating the robbery on September 15, 1981. On January 8, 1982 the U. S. Attorney requested a warrant of arrest against defendant because of the government's belief that defendant was purposefully avoiding appearing before the grand jury. Defendant was found by FBI agents and arrested on March 10, 1982. Two days later, after fingerprints, photographs and hair samples were obtained from defendant, he was indicted for bank robbery.

Although the general standard to determine if the prosecution of a crime has been delayed excessively is the statute of limitation for a particular crime, there may be exceptional occasions when undue pre-indictment delay violates the Due Process Clause[2] and requires dismissal of the charges. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Capaldo,* 402 F.2d 821, 823 (2nd Cir. 1968) *cert. denied* 394 U.S. 989, 89 S.Ct. 1476, 22 L.Ed.2d 764 (1969). However, this situation, being of an exceptional nature, requires more than mere delay to justify dismissal of an indictment brought within the prescribed time. To rule otherwise would ignore the clear legislative mandate of the time allowed by the statute and would lead to zones well beyond constitutional limits. See: *Rochin v. Cali-*

---

1. "Except as otherwise expressly provided by law no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

2. In *United States v. MacDonald,* —— U.S. ——, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) the Supreme Court indicated that pre-indictment delay, if prejudicial and unreasonable, violated the Due Process Clause and not the Speedy Trial Clause.

*fornia,* 342 U.S. 165, 170, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952). Defendant must carry the burden of convincing us that the delay has impaired his defense. *United States v. Lovasco, ante,* at 789–90, 97 S.Ct. at 2048; *United States v. Lieberman,* 608 F.2d 889, 902 (1st Cir. 1979). Vague, generalized statements of prejudice are insufficient; actual prejudice must be shown. *United States v. Indelicato,* 611 F.2d 376, 382–83 (1st Cir. 1979). If a proper showing of actual prejudice is made, the reasons for delay must then be examined. *Id.* See also: *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971).

■ No such showing has been made in this case. Defendant has not even indicated how his alibi defense was impaired (i.e.: witness' memories faded, evidence lost) even though it has been held that a specific, nonspeculative showing of actual prejudice must be made. *United States v. Pallan,* 571 F.2d 497, 501 (9th Cir. 1978) *cert. denied* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411. In our situation, defendant merely alleges that his alibi defense was impaired yet he remained silent as to the details of this defense when the government requested them by a Notice of Alibi as provided by Rule 12.1(a) Fed.R.Cr.P. Based on such a general, undetailed allegation of prejudice we cannot determine whether the Due Process Clause has been violated. See: *United States v. Ramos Algarín,* 584 F.2d 562, 567 (1st Cir. 1978).

■ Even were we to assume that such a weak showing is sufficient, the reasons propounded by the government justify the delay. Of foremost importance is the fact that the government did not consider defendant a suspect during the initial phase of the investigation and when they did start suspecting[3] his indictment was procured promptly thereafter. There is no reason to infer bad faith from the government's conduct or that the delay was intentional so as to obtain a tactical advantage. See: *Unit-*

ed States v. Daley,* 454 F.2d 505, 508 (1st Cir. 1972). In fact, we believe the delay may well be more of a tactical disadvantage to the government's case than to defendant.

Since no adequate showing of actual prejudice has been made and the reasons for the same have justified it, there is no preindictment delay violative of the Due Process Clause. Defendant's request for dismissal of the indictment because of undue delay is DENIED.

SO ORDERED.

---

**3.** According to the testimony of Special Agent Rivero at the suppression hearing before Magistrate Castellanos, the government started suspecting that defendant was somehow involved in the bank robbery around May of 1981 when they received information from a confidential source. (Transcript of July 21, 1982 pp. 13–33).